A. Michaels, Esq. – CA State Bar No. 180455
(jmichaels@mlgaplc.com)
**MLG, APLC**
600 Anton Blvd., Suite 1240
Costa Mesa, CA 92626
T: (949) 581-6900
F: (949) 581-6908
*(Pro Hac Vice Application Pending)*

James E. Hacker, Esq. – NDNY Bar No. 101888
**E. STEWART JONES HACKER MURPHY LLP**
28 Second Street
Troy, NY, 12180
T: (518) 274-5820
F: (518) 274-5875

Attorneys for Plaintiff,
Stephen Edwards

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN EDWARDS, an individual,<br><br>　　　　Plaintiff,<br>　vs.<br><br>FCA US LLC, a Delaware limited liability company; and DOES 1 to 25, inclusive,<br><br>　　　　Defendants. | Case No. 5:19-CV-1550[DNH/TWD]<br><br>**COMPLAINT FOR:**<br><br>1. **NEGLIGENCE;**<br>2. **STRICT LIABLITY – DESIGN DEFECT;**<br>3. **STRICT LIABILTY-- MANUFACTURING DEFECT**<br>4. **BREACH OF EXPRESS WARRANTY; AND**<br>5. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY** |

– **JURY TRIAL DEMANDED** –

1
**COMPLAINT**

## THE PARTIES

1. At all times mentioned in this Complaint, Plaintiff Stephen Edwards is, and at all relevant times was, an individual residing in Onondaga County in the State of New York

2. Plaintiff is informed and understand that Defendant FCA US, LLC was and is a Delaware limited liability company with its principal place of business in Auburn Hills, Michigan. At all times mentioned here, Defendant FCA US, LLC was engaged in the business of manufacturing and distributing automobiles in the State of New York.

3. Plaintiff is unaware of the true names of Does 1 through 25 and therefore sue them by such fictitious names and will ask for leave of Court to insert their true names when such have been ascertained.

## JURISDICTION AND VENUE

### A. Subject Matter Jurisdiction

4. This Court has jurisdiction over the subject matter presented by this Complaint because this is a dispute among parties of different states, making the matter completely diverse as defined by 28 U.S.C. § 1332, and the amount in controversy exceeds $75,000.

### B. Personal Jurisdiction

5. This Court has personal jurisdiction over Plaintiff Stephen Edwards as the Plaintiff consents to such jurisdiction.

6. This Court has personal jurisdiction over Defendant FCA US, LLC because it engages in significant business throughout the State of New York, thus providing the state with general jurisdiction.

7. Venue in this District is proper under 28 U.S.C. § 1391(d) because Defendant FCA US, LLC, as a Delaware limited liability company, is deemed to reside in any district in which it is subject to personal jurisdiction.  The Plaintiff consents to the venue of the Court.

## STATEMENT OF OPERATIVE FACTS

8. In October 2016, Plaintiff Stephen Edwards purchased a 2016 Ram 2500 (VIN: 3C6TR5DT5GG229999).  At the time, Plaintiff Stephen Edwards saw and relied upon advertising campaigns from FCA US, LLC for the Ram 2500 including advertising prepared by FCA US, LLC and disseminated by its dealer network discussing the vehicle's safety features. The Plaintiff Stephen Edward's motivation for purchasing the Ram 2500 was to obtain a safely designed and manufactured vehicle for himself.

9. On October 8, 2018, Stephen Edwards was driving the Ram 2500 southwest along State Route 12 in Deerfield, NY when he lost control of the vehicle and travelled off the roadway and down a slope before colliding head-on into a tree.

10. To the surprise and horror of Plaintiff, the Ram 2500 seatbelt system and front and side passenger airbags failed to engage and deploy.  Instead of being kept safely in his seat by the seatbelt, Plaintiff's head and body suddenly and violently slammed into the interior of the vehicle.  He was transported to a nearby hospital where he was treated for the severe injuries to his brain and body.  Had the Ram 2500's airbag deployed and seatbelt system successfully, his injuries would have been less severe. As a direct result of the accident, Plaintiff suffered severe and life-altering damage to his brain, vision loss, impaired hearing, permanent facial scarring, and various injuries to his back and neck.

11. Plaintiff did not know, or reasonably could have known, that the vehicle airbag system would not deploy, and that the seatbelt system would fail. Had the Stephen Edwards known about the Ram 2500's defective airbag and seatbelt systems at the date of purchase, he would have either demanded its immediate repair and replacement or never would never have purchased the vehicle at all, and never would have been a passenger in the Ram 2500.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE**
**(Against All Defendants)**

1. Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

2. Defendant FCA US, LLC designed, engineered, manufactured, tested, assembled, marketed, advertised and distributed the 2016 Ram 2500 purchased and driven by Plaintiff Stephen Edwards.

3. Defendant FCA US, LLC had a duty to use reasonable care in the engineering, design, manufacture, testing, assembly, marketing, advertising, and distribution of the 2016 Ram 2500, such that the vehicle would function safely in foreseeable circumstances.

4. Defendant FCA US, LLC breached its duty during by manufacturing, distributing and placing into the stream of commerce the 2016 Ram 2500 with a defective passenger seatbelt and airbag system.

5. As a direct and proximate cause of FCA US, LLC's conduct, Plaintiff Stephen Edwards has sustained damages as reflected in the Statement of Damages served herewith, and in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION
### STRICT LIABILITY – DESIGN DEFECT
**(Against All Defendants)**

6. Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

7. Defendant FCA US, LLC designed, engineered, manufactured, tested, assembled, marketed, advertised and distributed the 2016 Ram 2500 purchased and driven by Plaintiff Stephen Edwards.

8. The 2016 Ram 2500 purchased and driven by Plaintiff Stephen Edwards did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way.

9. Plaintiff Stephen Edwards was harmed by the 2016 Ram 2500.

10. The failure of the 2016 Ram 2500 to perform safely was a substantial factor in causing Plaintiff Stephen Edwards's harm.

11. As a direct and proximate cause of FCA US, LLC's conduct, Plaintiff Stephen Edwards has sustained damages as reflected in the Statement of Damages served herewith, and in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION
### STRICT LIABILITY – MANUFACTURING DEFECT
**(Against All Defendants)**

12. Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

13. Defendant FCA US, LLC designed, engineered, manufactured, tested, assembled, marketed, advertised and distributed the 2016 Ram 2500 purchased and driven by Plaintiff Stephen Edwards.

14. The 2016 Ram 2500 purchased and driven by Plaintiff Stephen Edwards contained a manufacturing defect when it left FCA US, LLC's possession.

15. Plaintiff Stephen Edwards was harmed by the 2016 Ram 2500.

16. The failure of the 2016 Ram 2500 to perform safely was a substantial factor in causing Plaintiff Stephen Edwards's harm.

17. As a direct and proximate cause of FCA US, LLC's conduct, Plaintiff Stephen Edwards has sustained damages as reflected in the Statement of Damages served herewith, and in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

### FOURTH CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY
### (Against All Defendants)

18. Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

19. Defendant FCA US, LLC designed, engineered, manufactured, tested, assembled, marketed, advertised and distributed the 2016 Ram 2500 purchased and driven by Plaintiff Stephen Edwards.

20. Defendant FCA US, LLC gave Plaintiff Stephen Edwards a written warranty that the 2016 Ram 2500 would be free of defect, and that it could be safely used for its foreseeable purpose.

21. The 2016 Ram 2500 did not perform as promised and was not as warranted.

22. Defendant FCA US, LLC failed to repair the 2016 Ram 2500 as required by the warranty.

23. Plaintiff Stephen Edwards was harmed by the 2016 Ram 2500.

24. The failure of the 2016 Ram 2500 to perform safely was a substantial factor in causing to be as represented was a substantial factor in causing Plaintiff Stephen Edwards's harm.

25. As a direct and proximate cause of FCA US, LLC's conduct, Plaintiff Stephen Edwards has sustained damages as reflected in the Statement of Damages served herewith, and in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

### FIFTH CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Against All Defendants)

26. Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

27. Defendant FCA US, LLC designed, engineered, manufactured, tested, assembled, marketed, advertised and distributed the 2016 Ram 2500 purchased and driven by Plaintiff Stephen Edwards.

28. At the time of purchase, Defendant FCA US, LLC was in the business of selling consumer vehicles, and held itself out as having special knowledge and skill regarding these goods.

29. The 2016 Ram 2500 was not of the same quality as those generally acceptable in the trade, nor was not fit for the ordinary purposes for which such goods are used.

30. Plaintiff Stephen Edwards was harmed by the 2016 Ram 2500.

31. The failure of the 2016 Ram 2500 to have the expected quality was a substantial factor in causing Plaintiff Stephen Edwards's harm.

32. As a direct and proximate cause of FCA US, LLC's conduct, Plaintiff Stephen Edwards has sustained damages as reflected in the Statement of Damages served herewith, and in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

**WHEREFORE,** Plaintiff prays that the Court award him:

First Cause of Action

1. Compensatory damages.

Second Cause of Action

1. Compensatory damages.

Third Cause of Action

1. Compensatory damages.

Fourth Cause of Action

1. Compensatory damages.

2. Reasonable attorneys' fees.

Fifth Cause of Action

1. Compensatory damages.

2. Reasonable attorneys' fees.

<u>All Causes of Action</u>

1. Costs of suit herein incurred;

2. Interest as provided by law.

3. For such other and further relief as the Court may deem just and proper.

**MLG, APLC**

Dated: December 10, 2019    By:    <u>/s/ Jonathan Michaels, Esq.</u>
Jonathan Michaels, Esq.
Attorney for Plaintiff,
Stephen Edwards
*Pro Hac Vice Application Pending*

**E. STEWART JONES HACKER MURPHY LLP**

Dated: December 10, 2019    By:    _____
James E. Hacker, Esq.
Bar Roll No.: 101888
Attorney for Plaintiff
Stephen Edwards
28 Second Street
Troy, NY 12180
T: (518) 274-5820
F: (518) 274-5875