UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEPHEN EDWARDS,
an individual,

              Plaintiff,

      -v-                            5:19-CV-1550

FCA US LLC, a Delaware
limited liability company, and
DOES 1 TO 25, inclusive,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                       OF COUNSEL:

STEPHEN EDWARDS
Plaintiff, Pro Se
112 Crestwood Drive
North Syracuse, NY 13212

WEBSTER, SZANYI LAW FIRM         STEVEN R. HAMLIN, ESQ.
Attorneys for Defendant FCA US LLC     THOMAS S. LANE, ESQ.
1400 Liberty Building
Buffalo, NY 14202

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

      On December 16, 2019, plaintiff Stephen Edwards ("Edwards" or "plaintiff") filed this products liability action against defendants FCA US LLC ("FCA") and Does 1 to 25 (the "Does") alleging that the seatbelt and airbags in his pickup truck failed when he lost control of the vehicle and drove into a tree.

On March 13, 2020, FCA moved under Federal Rule of Civil Procedure ("Rule")
12(b)(2) to dismiss Edwards's complaint for lack of personal jurisdiction.  Dkt. No. 13.
However, before further briefing on that motion could occur, plaintiff's attorneys moved for
leave to withdraw as counsel of record.  Dkt. No. 14.  This Court granted a sixty-day
adjournment of briefing on FCA's dismissal motion and referred the representation issue to
U.S. Magistrate Judge Therese Wiley Dancks.  Dkt. Nos. 15-31.

On April 16, 2020, Judge Dancks granted the attorneys' motion to withdraw after
Edwards consented to the request and agreed to represent himself in this matter.  Dkt. No.
37.  Although Judge Dancks instructed plaintiff to "notify the Court in writing by 5/3/2020 of a
telephone number where he can be reached," he failed to do so.  Dkt. No. 37.  Plaintiff also
failed to file an opposition to FCA's motion to dismiss, which was due on June 9, 2020.  Dkt.
No. 31.  Instead, by letter motion filed on June 12, 2020, plaintiff requested "a 60 day or
more" extension of time to find new counsel.  Dkt. No. 39.

On June 15, 2020, the Court granted Edwards's request for an extension of time to
find counsel and *sua sponte* extended the deadline for plaintiff's opposition to FCA's motion
to dismiss.  Dkt. No. 42.  At that time, plaintiff was warned that another failure to respond
would result in dismissal of this action for failure to prosecute.  *Id*.  Thereafter, plaintiff
actually filed two responses in opposition to dismissal—his first having likely crossed in the
mail with the scheduling order that gave him an extension.  Dkt. Nos. 43, 44.  FCA has since
replied to those submissions.  Dkt. No. 45.  Finally fully briefed, the motion will be considered
on the basis of the submissions without oral argument.

## II.  BACKGROUND

The following facts are taken from Edwards's complaint, Dkt. No. 1, and are assumed

true for the purpose of FCA's motion to dismiss.  In October 2016, Edwards bought a new Ram 2500 pickup truck after seeing an advertising campaign prepared by FCA and disseminated through its dealer network.  Compl. ¶ 8.  Although plaintiff seems to have enjoyed two years of safe operation, on October 8, 2018, while driving along State Route 12 in Deerfield, New York, "he lost control of the vehicle and travelled [*sic*] off the roadway and down a slope before colliding head-on into a tree."  *Id*. ¶ 9.  Plaintiff alleges that the seatbelt and airbags in the truck failed to work correctly, causing or contributing to severe and lasting injuries.  *Id*. ¶ 10.

## III.  **LEGAL STANDARD**

Rule 12(b)(2) "permits a defendant to challenge a court's personal jurisdiction over it prior to the filing of an answer or the commencement of discovery."  *A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines*, 828 F. Supp. 2d 557, 562 (E.D.N.Y. 2011).  Once a 12(b)(2) challenge is asserted, "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant."  *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999).

"A court has 'considerable procedural leeway' on a Rule 12(b)(2) motion, and may decide it on the basis of affidavits alone, permit discovery in aid of the motion, or conduct an evidentiary hearing."  *Zornoza v. Terraform Global, Inc.*, 419 F. Supp. 3d 715, 726 (S.D.N.Y. 2019) (quoting *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013) (per curiam)).  Indeed, "[i]t is well settled under Second Circuit law that, even where plaintiff has not made a prima facie showing of personal jurisdiction, a court may still order discovery, in its discretion, when it concludes that the plaintiff may be able to establish jurisdiction if given the opportunity to develop a full factual record."  *Leon v. Shmukler*, 992 F. Supp. 2d

179, 194 (E.D.N.Y. 2014).

"Where a court opts to determine the jurisdictional issue without an evidentiary hearing or discovery, a plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials." *Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217, 229 (E.D.N.Y. 2015) (cleaned up).  "When, however, a court permits the parties to engage in jurisdictional discovery, the party seeking to establish jurisdiction bears 'the burden of proving by a preponderance of the evidence that personal jurisdiction exists.'" *Id*.

In either case, "[t]he court construes any pleadings and affidavits in the light most favorable to the plaintiff and resolves all doubts in plaintiff's favor." *Zornoza*, 419 F. Supp. 3d at 726.  "However, courts should 'not draw argumentative inferences in the plaintiff's favor' or 'accept as true a legal conclusion couched as a factual allegation.'" *Id*. (citation omitted).  In sum, plaintiff's "prima facie showing must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Id*. (cleaned up).

## IV.  DISCUSSION

FCA contends that the complaint must be dismissed because FCA is not subject to personal jurisdiction in New York.  Defs.' Mem., Dkt. No. 13-6 at 8.[1]  According to FCA, Edwards's complaint alleges the existence of *general* personal jurisdiction in this forum based on the generalized, sweeping claim that FCA "engages in significant business throughout the State of New York."  Compl. ¶ 6.  However, as FCA explains in its moving papers, since the Supreme Court's decision in *Daimler AG v. Bauman*, 571 U.S. 117 (2014),

---

[1] Pagination corresponds to CM/ECF.

absent exceptional circumstances a corporation is subject to general personal jurisdiction in only two places:  the state in which the entity is incorporated and the state in which the entity maintains its principal place of business.  *Id*. at 9.  Because plaintiff's pleading acknowledges that FCA is incorporated in Delaware and headquartered in Michigan, Compl. ¶ 2, subjecting it to general personal jurisdiction in New York would run afoul of *Daimler*.

In opposition, Edwards cites to the component of New York's personal jurisdiction statute that permits the exercise of *specific* personal jurisdiction over an out-of-state corporation.  Dkt. Nos. 43, 44.  According to plaintiff, "FCA US LLC and [its] affiliates operate[ ] approximately 55 to 60 dealerships throughout the state, employing hundreds if not thousands of employees, marketing and selling tens of thousands of vehicles, in New York through consistent, systematic and substantial we media campaigns, print and television advertising." Dkt. No. 44 at 2. In plaintiff's view, "FCA has a long history of selling and servicing vehicles in New York" and therefore "[it] is a reasonable expectation that FCA would expect to have consequences where ever vehicles are sold regardless of what state a vehicle was purchased in." *Id*.

FCA replies that, to the extent Edwards suggests it has consented to be sued in New York by virtue of its registration as a foreign corporation, that theory has not been pleaded in the complaint (and has been rejected by the Second Circuit, anyway).  Def.'s Reply, Dkt. No. 45 at 3-4.  FCA further argues that the pickup truck was manufactured and assembled in Saltillo, Mexico and shipped to a dealership in Ontario, Canada.  *Id*. at 6; *see also* Def.'s Mem. at 11.  Thus, the "mere fact that the truck may have been subsequently driven into and/or sold used in New York by a third-party—wholly unrelated to FCA US's actions—is insufficient to establish specific jurisdiction over FCA US."  Def.'s Mem. at 11.

Where, as here, subject matter jurisdiction rests on diversity of citizenship, personal jurisdiction is determined by the law of the state in which the district court sits.  *See, e.g.*, *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007).  This determination involves a two-step process:  first, the plaintiff must identify a statutory basis for the exercise of personal jurisdiction over the defendant; and second, the court must decide whether the exercise of jurisdiction on that basis would run afoul of constitutional due process principles.  *Minholz*, 227 F. Supp. 3d at 256.

As the parties' briefing makes clear, there are two types of personal jurisdiction that can be asserted over a corporate defendant.  "These are called specific (also called 'case-linked') jurisdiction and general (or 'all-purpose') jurisdiction.  Specific jurisdiction is available when the cause of action sued upon arises out of the defendant's activities in a state.  General jurisdiction, in contrast, permits a court to adjudicate any cause of action against the corporate defendant, wherever arising, and whoever the plaintiff."  *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016).

Upon review of the parties' submissions, Edwards has not established that the exercise of general or specific personal jurisdiction is appropriate in this forum.  Under New York law, a foreign (or out-of-state) corporation is subject to *general* personal jurisdiction if it is "engaged in such a continuous and systematic course of 'doing business' in New York as to warrant a finding of its 'presence' in the state."  *A.W.L.I. Grp., Inc.*, 828 F. Supp. 2d at 563 (citation omitted).

"[A] corporation is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to the New York contacts, if it does business in New York not occasionally or casually, but with a fair

measure of permanence and continuity." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000) (internal citation and quotation marks omitted).

"In assessing whether a corporation's business is conducted 'with a fair measure of permanence and continuity,' the following non-dispositive factors among others are considered: '(1) the existence of an office in New York; (2) the solicitation of business in New York; (3) the presence of bank accounts or other property in New York; and (4) the presence of employees or agents in New York." *JetBlue Airways Corp. v. Helferich Patent Licensing, LLC*, 960 F. Supp. 2d 383, 391 (E.D.N.Y. 2013) (quoting *Li v. Hock*, 371 F. App'x 171, 174 (2d Cir. 2010) (summary order)).

Importantly, however, after the Supreme Court's 2014 decision in *Daimler*, it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 786 F.3d 429, 432 (5th Cir. 2014); *see also Brown*, 814 F.3d at 627 ("[I]n our view *Daimler* established that, except in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business—the 'paradigm' cases.").

Edwards claims, upon information and belief, that FCA and its affiliates operate dealerships throughout the state and employed "hundreds if not thousands of employees." Pl.'s Opp'n at 2. But this statement elides the critical distinction between a parent corporation and its subsidiary or affiliate. *See, e.g.*, *Franklin v. Coloplast Corp.*, 2019 WL 5307085, at *3 (N.D.N.Y. Oct. 21, 2019) ("[T]he subsidiary's presence within New York state alone does not establish the parent's presence."); *Stroud v. Tyson Foods, Inc.*, 91 F. Supp. 3d 381, 388 (E.D.N.Y. 2015) (noting same). Thus, even if true, that fact alone would

not satisfy the general personal jurisdiction inquiry.

On the other side of the ledger, FCA's evidentiary submissions establish that the pickup truck at the heart of this litigation was manufactured and assembled in Mexico and shipped to an independent dealership in Canada.  Crimmins Decl., Dkt. No. 13-3 ¶¶ 5-7. These submissions also establish that FCA does not manufacture or assemble any vehicles in New York.  Trudell Decl., Dkt. No. 13-5 ¶ 7.

FCA's submissions also confirm what the complaint itself alleges:  that FCA is a Delaware corporation with its principal place of business in Michigan.  Trudell Decl. ¶ 6; *see also* Compl. ¶ 2.  In short, there are no exceptional circumstances of the type contemplated by *Daimler* that would warrant the exercise of general personal jurisdiction here in New York.

Nor has Edwards established that the exercise of specific personal jurisdiction would be appropriate in this case.  Specific jurisdiction hinges on "an affiliation between the forum and the underlying controversy, principally, [an] activity or occurrence that takes place in the forum State and is therefore subject to the State's regulation."  *Bristol–Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1780 (2017) (citation omitted).

Under New York law, a foreign corporation may be subject to *specific* jurisdiction for a cause of action that arises from:

> (1)    the transaction of business within the state or a contract anywhere to supply goods or services in the state; or
>
> (2)    the commission of a tortious act within the state; or
>
> (3)    the commission of a tortious act without the state causing injury to a person or property within the state, but only if the defendant
>
>> (i)    regularly does or solicits business, or engages in any other persistent course of conduct, or derives

substantial revenue from goods used or consumed or services rendered, in the state, or

(ii)   expects or should reasonably expect the act ot have consequences in the state and derives substantial revenue from interstate or international commerce; or

(4)   the ownership, use or possession of any real property situated within the state.

N.Y.C.P.L.R. § 302(a).[2]

Edwards has not plausibly alleged in his pleading or claimed in his submissions that he purchased the truck from FCA in New York.  The fact that he appears to have brought the truck into the State, or purchased the truck from a third-party within the State, is not sufficient to satisfy the first prong of this test.  *See, e.g.*, *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 802 (S.D.N.Y. 2015) (explaining the contours of § 302(a)(1)'s reach).  Likewise, FCA's showing that the truck was manufactured in Mexico and sold by an independent dealer in Canada defeats the second prong of this test.  *Id*. at 804 (explaining the "majority rule" that the defendant must physically commit the tortious act within New York).

Instead, Edwards is focused on the third prong, which extends New York's jurisdiction to those who "commit[ ] a tortious act without the state causing injury to person or property within the state." § 302(a)(3).  "The conferral of jurisdiction under this provision rests on five elements:  First, that defendant committed a tortious act outside the state; second, that the cause of action arises from that act; third, that the act caused injury to a person or property within the State; fourth, that defendant expected or should reasonably have expected the act to have consequences in the State; and fifth, that defendant derived substantial revenue

---

[2] New York's long-arm statute contains certain exceptions for defamation that are not relevant here.

from interstate or international commerce." *Thackurdeen*, 130 F. Supp. 3d at 805 (quoting *In re Sumitomo Copper Litig.*, 120 F. Supp. 2d 328, 341 (S.D.N.Y. 2000)).

Remember, though, that even if the plaintiff identifies a statutory basis for personal jurisdiction, it leaves open the question of whether the exercise of jurisdiction would accord with constitutional due process.  "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have 'certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

This inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 284 (cleaned up).  Notably, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Id*.  For instance, "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi Metal Indus. Co., Ltd. v. Superior Court of Ca.*, 480 U.S. 102, 112 (1987) (opinion of O'Connor, J.).  However, additional conduct, such as "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State" may be enough. *Id*.

Upon review, and assuming § 302(a)(3) might otherwise provide a statutory basis for jurisdiction, neither Edwards's pleading nor his additional submissions are enough to establish that the exercise of jurisdiction would comport with due process.  The allegedly defective product was manufactured in Mexico and sold in Canada.  Plaintiff has offered

nothing to suggest that FCA's conduct caused the truck to enter New York; instead, plaintiff has only offered the unsubstantiated claim that unidentified FCA affiliates sell other unidentified FCA products to other people, some of whom are in New York.

"A car manufacturer cannot limit where its customers take its product."  *Plixer Int'l, Inc. v. Scrutinizer* GmbH, 905 F.3d 1, 8 (1st Cir. 2018) (explaining what "purposeful availment" means in a due process analysis).  The Supreme Court recently reiterated that "a single sale to a customer who takes an accident-causing product to a different State (where the accident takes place) is not a sufficient basis for asserting jurisdiction."  *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 888 (2011) (Breyer, J., concurring).  There is no indication that the trucks delivered to Canada via Mexico were ever intended for sale to New York buyers, or that those trucks were manufactured and assembled in the same manner as the trucks sold in New York through independent dealerships.

If FCA were amenable to specific jurisdiction in this forum under these facts, it would also be amenable to specific jurisdiction in every single other state in which any person ever decided to use its product, regardless of whether they purchased the product from the defendant, whether the sale was made in that forum, or whether the product was intended for that market.

That broad approach to specific jurisdiction would run directly counter to the Supreme Court's recent decisional law around due process and minimum contacts, which goes in precisely the opposite direction.  *See, e.g.*, *State Farm Fire & Cas. Co. v. Swizz Style, Inc.*, 246 F. Supp. 3d 880, 889 (S.D.N.Y. 2017) (noting that the "Supreme Court has reshaped the contours of personal jurisdiction over the course of this decade" and that "specific jurisdiction has receded" under the Court's revised frameworks for general and specific

jurisdiction).  Accordingly, plaintiff's complaint will be dismissed.[3]

## V. <u>CONCLUSION</u>

Therefore, it is

ORDERED that

1.  Defendant's motion to dismiss is GRANTED; and

2.  Plaintiff's complaint is DISMISSED without prejudice.

IT IS SO ORDERED.


Dated:  September 2, 2020
          Utica, New York.

_____
United States District Judge

---

[3] Although the Does are named in the caption, they are not discussed anywhere else.  Accordingly, they will be dismissed *sua sponte*.